IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher David Grall, | ) | C/A No. 0:16-2972-MBS-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Christopher David Grall, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.



§§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).

PJG

**ADMINISTRATIVE PROCEEDINGS**

In January 2014 and April 2015 Grall applied for SSI and DIB, respectively, both alleging disability beginning May 9, 2011. Grall's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. A hearing was held on April 18, 2016 at which Grall, who was represented by Lisa L. Cotten, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on May 10, 2016 concluding that Grall was not disabled. (Tr. 13-23.)

Grall was born in 1982 and was twenty-eight years old at the time of his alleged disability onset date. (Tr. 87.) He has a college education and has past relevant work experience as a crewman with the United States Coast Guard, a toner cartridge technician, a stocker, and a car washer. (Tr. 125.) Grall alleged disability due to chronic headaches and migraines. (Tr. 124.)

In applying the five-step sequential process, the ALJ found that Grall had not engaged in substantial gainful activity since May 9, 2011—his alleged onset date. The ALJ also determined that Grall's migraine headaches and cervical muscle spasms were severe impairments. However, the ALJ found that Grall did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ found, after consideration of the entire record, that Grall retained the residual functional capacity to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, the claimant is able to lift and carry up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit 6 hours each in an 8-hour day. The claimant must alternate between sitting and standing at forty-five minute intervals. The claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead with the bilateral upper extremities. The

*PJG*

>claimant must avoid all exposure to vibrations, unprotected heights, and dangerous machinery. The claimant is also limited to routine, unskilled work activity.

(Tr. 17.) The ALJ found that Grall was able to perform past relevant work as a cartridge reclaimer and an auto dealer, and that this work did not require the performance of work-related activities precluded by Grall's residual functional capacity. Therefore, the ALJ found that Grall was not disabled from May 9, 2011 through the date of the decision.

Grall submitted additional evidence to the Appeals Council, which denied Grall's request for review on August 9, 2016, making the decision of the ALJ the final action of the Commissioner. (Tr. 6-9.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

*PJG*

## ISSUES

Grall raises the following issues for this judicial review:

The Appeals Council erred by (1) failing to review the ALJ's decision when new and material evidence with the potential to change the result was timely identified and thus (2) also failed to decide the merits itself or remand for reconsideration by the ALJ.

(Pl.'s Br. at 6, ECF No. 11 at 6.)

## DISCUSSION

As explained by Grall in his brief, his issues stem from the fact that after the ALJ's decision, Grall submitted new evidence to the Appeals Council consisting of a new decision from the Department of Veterans Affairs ("VA"), dated the day before the ALJ's decision, as well as some additional medical records. (See Tr. 570-79.) Grall specifically relies on the new VA decision in arguing that remand is warranted. This decision indicates that the VA awarded Grall "individual unemployability" effective May 10, 2011. (Tr. 570.) The decision indicates that the reasons for this determination include (1) Grall's statement reporting that he "worked two 4 hour days and had classes two days a week," that he "had to leave work early due to [his] headache complications," and his school had made accommodations for his headaches; (2) VA examination notes dated May 14, 2015 noting Grall's "very prostrating and prolonged attacks of migraine pain that are productive of severe economic inadaptability;" (3) a VA addendum dated May 6, 2016, stating that Grall's "migraines would likely preclude physical employment as strenuous activity is a trigger for [his] migraines" and that Grall "should be able to tolerate sedentary employment, but [he] would require an employer who offers flexibility and ability to take time off on short notice"; and (4) VA examination notes dated July 30, 2015, indicating that Grall's "mental health disability causes social and occupational impairment with decrease in work efficiency and intermittent periods of inability

*PJG*

to perform occupational tasks, though generally functioning satisfactorily, with normal routine behavior, self-care, and conversation." (Tr. 571-72.) The VA concluded that "[w]hile the evidence shows that [Grall] could perform sedentary employment, the record suggests that any type of sedentary employment would require accommodations which would render the employment marginal" and that "[e]ntitlement to individual unemployability is granted because the claimant is unable to secure or follow substantially gainful occupation as a result of service-connected disabilities." (Tr. 572.)

The Appeals Council admitted this evidence into the record and considered it. (Tr. 5, 6-7.) However, the Appeals Council summarily stated that it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 7.)

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."[3] Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

Furthermore, the United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision."

---

[3] In this case, the parties do not appear to dispute that the additional evidence relates to the period on or before the date of the ALJ's decision.



Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins, 953 F.2d at 96). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

According to Grall, the new evidence warrants remand for further consideration by the ALJ under controlling law because in addition to another agency's finding that Grall was "unable to secure or follow a substantially gainful occupation" (Tr. 572) and was unemployable, this determination provides additional evidence as to the severity and limitations associated with Grall's migraines. Grall also points out that when the ALJ discounted the previously issued VA determination, one of the reasons offered for discounting this determination was that the "record failed to reflect the exact evidence considered in determining the [] 'percentages' of disability." (Tr. 20.) However, the subsequently issued VA decision cites specific evidence, and although it does not

Page 7 of 10

PJG

change Grall's disability ratings from his impairments, it includes a determination of individual unemployability and findings suggesting lower exertional abilities than those determined by the ALJ.

The Commissioner argues that remand is not warranted because the ALJ properly considered the VA disability ratings that were in the record before him, and the new evidence has "no possibility of changing the outcome of the ALJ's decision nor does it alter the substantial evidence supporting the ALJ's findings." (Def.'s Br., ECF No. 12 at 9.) However, the court is constrained to disagree.

Upon review of the record as a whole, including the new evidence that the Appeals Council specifically incorporated into the administrative record, the court is unable to determine whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard. Meyer, 662 F.3d at 704. As discussed above, the Appeals Council is not required to explain its reasoning in denying review. However, the court cannot tell whether the Commissioner's decision is supported by substantial evidence based on the circumstances of this case because the Appeals Council did not provide any explanation for its finding that the additional evidence did not provide a basis for changing the ALJ's decision. Specifically, the court finds that the ALJ may well change his opinion in light of the additional evidence from the VA, which includes specific discussion of the medical evidence considered and a finding that Grall would be limited to sedentary work with additional restrictions. The court has thoroughly reviewed the Commissioner's arguments in support of her position that there is no possibility the additional evidence could change the ALJ's decision; however, without any analysis by the Appeals Council and based on the facts and circumstances of this case, the court is simply unable to agree. This is especially so in light of the fact that the ALJ discounted the VA's earlier

disability ratings in part because the record failed to reflect the exact evidence considered. Therefore, the court is constrained to recommend that this matter be remanded.[4]

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

September 22, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] The court expresses no opinion as to whether further consideration of the evidence by the ALJ should lead to a finding of disability during the time period at issue. Further analysis and discussion may well not affect the ALJ's conclusions in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).